IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONQUELA WALLACE,**

    Petitioner,

v.                                                                     Case No. 4:13cv675-MW/CAS

**J.V. FLOURNOY, Warden,**

    Respondent.

_____/

### REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about December 16, 2013, Petitioner Ronquela Wallace, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with attachments. Doc. 1. On June 26, 2014, Respondent filed an answer, with attachments. Doc. 14. Petitioner filed a reply, with attachments, on August 14, 2014. Doc. 19. Petitioner has also filed a Motion to Expedite Disposition. Doc. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief. Accordingly, this § 2241 petition should be denied and the Motion to Expedite denied as moot.

## Background and Procedural History

On July 9, 2012, in the United States District Court for the Western District of Michigan, case number 1:12cr60, Petitioner Wallace entered guilty pleas to three counts: Conspiracy to Defraud the United States (Count 1); Theft of Public Money (Count 2); and Aggravated Identity Theft (Count 7).  United States of America v. Ronquela Christine Wallace, No. 1:12cr60-RJJ, Doc. 107 (Amended Judgment dated October 24, 2012).  The remaining counts were dismissed.  *Id.*  On October 24, 2012, that court entered an amended judgment (correcting a clerical mistake), adjudicated Wallace guilty of the three offenses, and sentenced her to a total prison term of fifty-seven (57) months, consisting of thirty-three (33) months concurrent on the first two offenses, and a consecutive sentence of twenty-four (24) months on the third offense, followed by a term of three (3) years of supervised release.  *Id.* at 2-3.  Wallace did not appeal.  She thereafter filed several motions in the sentencing court, seeking to have her sentence reduced or altered, all of which were denied.  *See, e.g.,* United States of America v. Ronquela Christine Wallace, No. 1:12cr60-RJJ, Docs. 116, 126, 127, 131, 132, 135, 135, 137.

Prior to being sentenced on her current charge, Petitioner was convicted on February 22, 1999, of Arson Real Propery Under $200 in the 61st District Court, Grand Rapids, Michigan, Case No. 1999-SM-243, in violation of Michigan Compiled Laws § 750.74.  Doc. 14 Attach. 1 (Declaration of Sandra Long).  In 2013, while serving her current federal sentence, Petitioner applied to participate in a Residential Drug Abuse Program (RDAP).  *See id.*  As part of the application to RDAP, the Federal Bureau of

Prisons (BOP) requested an offense review for Petitioner Wallace by its Designation and Sentence Computation Center (DSCC), to determine whether Wallace would be eligible for release from custody up to twelve months early pursuant to 18 U.S.C. § 3621(e) upon completion of the RDAP. *See id.* On February 20, 2013, the DSCC reviewed Petitioner's case and determined that she was not eligible for early release, based on her prior arson offense. *See* Doc. 14 Attachs. 1-2.

On December 12, 2013, Wallace, an inmate at the Federal Correctional Institution in Tallahassee, Florida, submitted to this Court the instant petition for writ of habeas corpus pursuant to § 2241. Doc. 1. In the petition, Wallace asserts her prior misdemeanor offense of arson does not qualify as a "crime of violence" and, therefore, she is entitled to a reduction of her sentence pursuant to 18 U.S.C. § 3621(e) for her successful completion of RDAP. *Id.* at 6-8. She indicates she filed administrative remedy appeals, which were denied, and she was determined ineligible for a sentence reduction or early release eligibility because she was convicted of a precluding arson offense. *Id.* at 2-3.

Respondent filed an answer, with attachments. Doc. 14. Respondent argues the § 2241 petition should be denied because Wallace has asserted no cognizable legal basis for reversal of the BOP's decision. *Id.* at 2. Respondent explains the BOP acted within its authority and discretion in finding Wallace ineligible for early release pursuant to 28 C.F.R. § 550.55(b)(4)(v) because of her prior conviction in Michigan for arson involving real property under $200. *Id.* at 2, 6-7.

Petitioner Wallace filed a reply asserting that the BOP denied her early release incentive solely because of her fifteen-year-old arson charge which was not a crime of violence.  Doc. 19 at 1.  Wallace asserts she has "legal grounds for argument of being reconsidered eligible for early release pursuant to 18 U.S.C. § 3621(e)."  *Id.* at 2.  In particular, she argues that "[b]ecause conviction for attempted **arson** under Mich. Comp. Laws §750.74 requires maliciously burning personal property, **clothes**, such conviction was not categorically **crime of violence**."  *Id.* at 3.  She asserts that her conviction for arson of real property under $200, her own clothing, does not constitute a crime of violence.  *Id.* at 3-4.  She points out, among other things, that she "did not have no jail time, no prior crime of violence convictions, nor has Petitioner had any other crimes of violence since."  *Id.* at 4.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992);

Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).  After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.  *See* Rodriguez, 60 F.3d at 747.  "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).  If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"  *Id.* (quoting Chevron, 467 U.S. at 844).

In this case, Wallace's § 2241 petition challenges the execution of her sentence, specifically the decision of the BOP on her administrative request for eligibility for early release upon completion of the RDAP.  Doc. 1.  In the four grounds she raises, Petitioner essentially argues that the BOP incorrectly considered her prior Michigan misdemeanor offense of arson of personal property in determining that she was not eligible for early release under 28 C.F.R. § 550.55.  *Id.* at 6-8.  She asserts that BOP improperly denied her early release based on this prior conviction, which was not a "crime of violence."  *Id.*

Respondent argues that the BOP has the sole authority and discretion to determine whether Petitioner is entitled to early release and the BOP properly found Petitioner ineligible for early release pursuant to 28 C.F.R. § 550.55(b)(4)(v) due to her prior Michigan offense of arson of property under $200.  Doc. 14 at 2.  Respondent attaches the Declaration of Sandra Long, a Paralegal Specialist for the BOP at the

Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  Doc. 14 Attach. 1.  Respondent also attaches relevant documents referenced by Long.  *Id.* Attach. 2 (consisting of "Attachment 1," a Request for § 3621(e) Offense Review dated 4/12/2013, and "Attachment 2," a copy of that Request along with attached copy of Uniform Crime Report definition of Arson).

As Respondent explains, Petitioner Wallace applied to participate in the RDAP and as part of her RDAP application, the DSCC conducted an offense review to determine whether she had any convictions that would preclude a sentence reduction pursuant to 18 U.S.C. § 3621(e) when she completed the program.  Doc. 14 and Attachs. 1 and 2.  The DSCC completed the review and determined that Wallace's prior arson conviction constituted a precluding offense as defined in 28 C.F.R. § 550.55(b)(4)(v).  Doc. 14 Attach. 1 at ¶ 9 and Attach. 2.  As Respondent indicates, the BOP's decision not to reduce Petitioner's sentence falls fully within BOP's discretion and did not violate Petitioner's constitutional rights.  "Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his [or her] sentence remains solely within the discretion of the BOP."  Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) (citing 18 U.S.C. § 3621(e)(2)(B), providing BOP "may" grant sentence reduction to prisoner who successfully completes substance abuse program).

As Respondent further explains, pursuant to 18 U.S.C. § 3621(b), the BOP makes available the RDAP program and pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has the authority to offer inmates up to a one-year sentence reduction as an

incentive to participate in the program.  *See* Doc. 14 Attach. 1 at ¶¶ 5-6.  The latter statute provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program <u>may</u> be reduced by the [BOP] . . . ."  18 U.S.C. § 3621(e)(2)(B) (emphasis added).  The statute does not establish criteria for determining eligibility for sentence reduction; therefore, the BOP has promulgated regulations and policies regarding the sentence reduction incentive.  *See* Lopez v. Davis, 531 U.S. 230, 234-35 (2001).  In particular, the BOP has promulgated 28 C.F.R. §§ 550.50-.60 as well as several program statements.  Specifically relevant to this case, 28 C.F.R. § 550.55(b) provides:

> Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> > (1) Immigration and Customs Enforcement detainees;
> >
> > (2) Pretrial inmates;
> >
> > (3) Contractual boarders (for example, State or military inmates);
> >
> > (4) Inmates who have a **prior felony or misdemeanor conviction for**:
> >
> > > (i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide);
> > >
> > > (ii) Forcible rape;
> > >
> > > (iii) Robbery;
> > >
> > > (iv) Aggravated assault;
> > >
> > > (v) **Arson**;
> > >
> > > (vi) Kidnaping; or

    (vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors;

  (5) Inmates who have a current felony conviction for:

    (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;

    (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

    (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

    (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors;

  (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section; or

  (7) Inmates who previously received an early release under 18 U.S.C. 3621(e).

(emphasis added).

  To determine whether an inmate's prior conviction under state law qualifies as a precluding offense under 28 C.F.R. 550.55(b)(4), the DSCC legal staff compares the elements of the state offense to the corresponding FBI definition in the Uniform Crime Reporting Program (UCR). *See* Doc. 14 Attach. 1 at ¶ 10 and Attach. 2. The UCR defines arson as "any willful or malicious burning or attempting to burn, with or without intent to defraud, a dwelling house, public building, motor vehicle or aircraft, personal property of another, etc." Doc. 14 Attach. 1 at ¶ 12 and Attach. 2. The charging statute for Wallace's prior offense of arson provides:

> 750.74 Burning of personal property
>
> Sec. 74. (1) A person who willfully and maliciously burns any personal property . . . owned by himself or herself or another person is guilty of a crime as follows:
>
> (a) If the value of the personal property burned or intended to be burned is less than $200.00, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00 or 3 times the value of the personal property burned or intended to be burned, whichever is greater, or both imprisonment and a fine.

Mich. Comp. Laws § 750.74 (1999). The Michigan statute thus proscribes the willful and malicious burning of any personal property. *See id.*; Doc. 14 Attach. 1 at ¶ 11. Accordingly, the DSCC determined the elements of the Michigan offense sufficiently matched the UCR's definition of arson, "rises to the level of arson and is precluding pursuant to 28 C.F.R. § 550.55(b)(4)(v)." Doc. 14 Attach 1 at ¶ 13 and Attach. 2.

Respondent also argues that Petitioner's has no constitutional right to a sentence reduction pursuant to 18 U.S.C. § 3621. Doc. 14 at 3. Respondent's argument is well-taken. "A prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence. Cook, 208 F.3d at 1322-23 *(quoting* Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). "More particularly, if the relevant statute 'places no substantive limitations on official discretion' in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated." Cook, 208 F.3d at 1322-23 (*quoting* Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). The language of § 3621 enables the BOP to use its discretion in granting early release to a prisoner. *See* Cook, 208 F.3d at 1322-23 ("Here, § 3621(e)(2)(B) provides only that the BOP 'may' grant a reduction in sentence to a prisoner 'convicted

of a nonviolent offense.' 18 U.S.C. § 3621(e)(2)(B). Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest." (*citing* Olim, 461 U.S. at 249)).

As explained above, the BOP has the authority and discretion to determine when a petitioner is entitled to up to twelve months of early release. Here, the BOP, in a proper exercise of its discretion, determined that Petitioner Wallace was not entitled to early release because she had a prior offense that was sufficiently similar to BOP's adopted definition of arson. The BOP's denial of early release is entitled to deference. Petitioner Wallace is not entitled to relief under § 2241. This § 2241 petition should be denied.

## Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**. Petitioner's motion to expedite (Doc. 23) should be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2015.

                                          **S/ Charles A. Stampelos**
                                          **CHARLES A. STAMPELOS**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**